NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 31 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50442 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00902-DMS |
| v. | |
| ERIC MENDOZA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted October 23, 2017[**]

Before:     LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

Eric Mendoza appeals from the district court's judgment and challenges the 80-month sentence imposed following his guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Mendoza contends that the district court procedurally erred by failing to appreciate or acknowledge its discretion to vary from the career offender guideline based on a policy disagreement under *Kimbrough v. United States*, 552 U.S. 85 (2007). We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude there was none.

The record reflects that the district court considered the parties' arguments, noted its discretion to vary from the Guidelines, and imposed a substantially below-Guidelines sentence based on the 18 U.S.C. § 3553(a) factors. Under such circumstances, the district court did not procedurally err by failing to appreciate its discretion to vary from the Guidelines under *Kimbrough*, nor did it fail to explain adequately its exercise of discretion. *See United States v. Ayala-Nicanor*, 659 F.3d 744, 752-53 (9th Cir. 2011).

**AFFIRMED.**